IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH D. DUNLAP, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-01080-JDB-tmp |
| | ) | |
| WARDEN, CORECIVIC, *et al.*, | ) | |
| Defendants. | ) | |

ORDER DIRECTING CLERK TO MODIFY DOCKET,
DISMISSING COMPLAINT WITHOUT PREJUDICE,
AND
GRANTING LEAVE TO AMEND

*INTRODUCTION*

On April 13, 2026, the Plaintiff, Joseph D. Dunlap, Tennessee Department of Correction prisoner number 446674, who is currently incarcerated at the Whiteville Correctional Facility ("WCFA") in Whiteville, Tennessee, filed a pro se civil complaint pursuant to 42 U.S.C. § 1983 (Docket Entry ("D.E.") 1) and a motion for leave to proceed in forma pauperis ("IFP") (D.E. 3). On April 15, 2026, the Court granted leave to proceed IFP and assessed the $350 filing fee in accordance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915, *et seq*. (D.E. 4.)

The complaint is before the Court for the purpose of screening Dunlap's claims under the PLRA. The Court construes the complaint to assert Eighth Amendment failure-to-protect claims. For the reasons explained below, the pleading is DISMISSED WITHOUT PREJUDICE and leave to amend the complaint is GRANTED.

*FACTUAL ALLEGATIONS*

On December 31, 2025, Plaintiff's cellmate at WCFA was stabbed by an inmate identified as Jones. The entire prison was on lockdown at the time. Jones was not placed in segregation for the incident. The next day, a chief of staff called Dunlap out of his cell. When that occurred, Jones had Corrections Officer Marshall open his cell door. Jones chased Dunlap down "with a hunting knife that he had brought in from the streets" and stabbed him over eighteen times. (D.E. 1 at PageID 4.) Plaintiff was airlifted to a hospital in Memphis, Tennessee, with life-threatening injuries. He still suffers severe nerve damage to his left arm and the right side of his face and sees a "face specialist" for the nerve damage every three months. (*Id.* at PageID 5.) Dunlap sues CoreCivic and WCFA employees Warden Adams, Chief Van Dyke, Chief Neil, Corrections Officer Marshall, Sergeant A. Wilkes, Case Manager V. Williams, and Classification Officer L. Jackson,[1] seeking unspecified compensation.

*SCREENING*

Legal Standard.

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

---

[1]The Clerk is DIRECTED to modify the docket to reflect that CoreCivic and Warden Adams are two separate Defendants. The Clerk is further DIRECTED to modify the docket to include Van Dyke, Neil, Marshall, and Wilkes as Defendants.

In assessing whether a complaint states a claim on which relief may be granted, the district court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Under those standards, the district court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*). The district court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although the rule requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "showing, rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3 (internal quotation marks omitted).

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants are not, however, exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Requirements to State a Claim Under § 1983.

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused the constitutional harm while acting under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

*ANALYSIS*

<u>Claims Against CoreCivic.</u>

CoreCivic is a private company that manages WCFA.[2]  "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to inmates.  *See id.* at 749-49; *see also Street*, 102 F.3d at 817-18.  CoreCivic "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978)).  To prevail on a § 1983 claim against CoreCivic, Dunlap "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *See id.*

Plaintiff alleges that CoreCivic "is responsible for every person they have working under their seal, and that they are trained properly."  (D.E. 1 at PageID 5.)  The Court construes this assertion to suggest that CoreCivic does not adequately train its employees regarding assaults.

A prisoner may allege a municipal or company policy or custom by claiming that the entity's training policies failed to teach officers and staff adequately how to "avoid the unconstitutional failure to protect inmates." *See Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 600 (6th Cir. 2025); *see also Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (a plaintiff may establish a claim against a political subdivision by showing a policy of inadequate

---

[2]*See* https://www.tn.gov/correction/state-prisons/state-prison-list/whiteville-correctional -facility.html (stating that WCFA "is managed by CoreCivic, a private corrections management firm") (last accessed June 10, 2026).

training).  "[A] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."  *Berry v. Delaware Cnty. Sheriff's Off.*, 796 F. App'x 857, 861 (6th Cir. 2019) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)).  The failure to train must rise to the level of "deliberate indifference" to constitute a policy or custom actionable under § 1983.  *See Connick*, 563 U.S. at 61 (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)).  To properly allege a failure to train, a plaintiff must satisfy three elements:  (1) that the training program was inadequate to the tasks the officers must perform; (2) that the inadequacy was the result of the company's deliberate indifference; and (3) that the inadequacy was "closely related to or actually caused" the plaintiff's injury.  *Harvey v. Campbell Cnty., Tenn.*, 453 F. App'x 557, 562 (6th Cir. 2011) (citing *Plinton v. County of Summit*, 540 F.3d 459, 464 (6th Cir. 2008)); *see also Winkler v. Madison Cnty.*, 893 F.3d 877, 902 (6th Cir. 2018) (same).  Failure-to-train liability depends on the substance of the training.  *See Howell v. NaphCare, Inc.*, 67 F.4th 302, 320 (6th Cir. 2023), *cert. dismissed sub nom. Erwin v. Howell*, 145 S. Ct. 110 (2024).

Dunlap's conclusory, barebones allegation that CoreCivic does not adequately train its employees is insufficient to plead failure-to-train liability.  *See Iqbal*, 556 U.S. at 679; *see also Grote v. Kenton Cnty., Ky.*, 85 F.4th 397, 415 (6th Cir. 2023) (denying relief against county where plaintiff did not explain how officers' training was deficient or how such training would have made the possibility of a constitutional violation obvious), *reh'g en banc denied*, 2023 WL 8687002 (6th Cir. Dec. 6, 2023).  He alleges no facts about CoreCivic's training of employees, much less facts showing that such training is inadequate.  For these reasons, his claims against CoreCivic are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

5

<u>Claims Against Individual Defendants.</u>[3]

*Official-Capacity Claims*

The complaint is silent about whether Plaintiff sues the Individual Defendants in their individual or official capacities. It is preferable that a plaintiff state explicitly whether a defendant is sued in his or her "individual capacity," but the failure to do so is not fatal if the "course of proceedings" test demonstrates that the defendant received sufficient notice that the intent was to hold the defendant personally liable. *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001). The Sixth Circuit has applied the course of proceedings test to determine whether § 1983 defendants have received notice of a plaintiff's intent to hold a defendant personally liable. *See id.* at 773; *see also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (noting that the course of proceedings in unspecified capacity cases "typically will indicate the nature of the liability sought to be imposed"). The test considers the nature of the plaintiff's claims, requests for compensatory or punitive damages, the nature of any defenses raised in response to the complaint, and whether subsequent filings put the defendant on notice of the capacity in which he or she is sued. *Moore*, 272 F.3d at 772 n.1 (citing *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995)).

Dunlap refers to the Individual Defendants by their official titles. He appears to seek relief based on their failure to perform tasks within the scope of their official capacities as employees at WCFA. As noted above, he also seeks unspecified compensation. Based on these factors, the Court construes his claims to be against these Defendants in their official capacities.

Official-capacity claims are treated as claims against an individual defendant's employer. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Here, that employer is CoreCivic. As set

---

[3]The Court uses the term "Individual Defendants" when collectively referring to Defendants Adams, Van Dyke, Neil, Marshall, Wilkes, Williams, and Jackson.

forth *supra*, CoreCivic "cannot be held liable under a theory of respondeat superior." *Braswell*, 419 F. App'x at 627. Because Plaintiff fails to allege that a CoreCivic policy or custom was the moving force behind the alleged violations of his rights, his official-capacity claims against the Individual Defendants are DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief.

Even if the Court liberally construed the complaint to assert individual-capacity claims against the Individual Defendants, the inmate fails to state a claim to relief.

*Individual-Capacity Claims Against Adams, Van Dyke, Neil, Wilkes, Williams, and Jackson*

Dunlap fails to allege a claim for relief against these Defendants in their individual capacities. Because § 1983 liability cannot be imposed under a theory of respondeat superior, a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). A failure to supervise, control, or train an individual is not actionable "unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (internal quotation marks omitted). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).

Dunlap does not reference Wilkes, Williams, or Jackson in the body of his pleading. He therefore fails to allege that any action or inaction by these individuals caused him harm. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) ("The court is not required to accept non-specific factual allegations and

inferences or unwarranted legal conclusions."). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)). For these reasons, the inmate's individual-capacity claims against Wilkes, Williams, and Jackson are DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

Adams is sued because of his role as WCFA's warden. The complaint alleges he is "responsible for every staff [member] he has working under him and should've made sure that his staff was following protocol and doing right by each inmate." (D.E. 1 at PageID 5.) Dunlap avers that Adams should have let staff know that they had "just had a problem in this pod the day before." (*Id.*) He further alleges that Chiefs Van Dyke and Neil "should've told their staff [to] let [the Special Operations Response Team ("SORT")] come and get [him] for security purpose[s] and to only open [his] door for his safety." (*Id.*) He does not, however, set forth any facts suggesting personal involvement by Adams, Van Dyke, or Neil in the incident complained of. Further, he fails to allege facts suggesting that these individuals "authorized, approved, or knowingly acquiesced" in any unconstitutional conduct. *See Hays*, 668 F.2d at 874. For these reasons, the individual-capacity claims against Adams, Van Dyke, and Neil are DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

### *Individual-Capacity Claims Against Marshall*

The Court has construed the complaint to assert an Eighth Amendment failure-to-protect claim against Marshall. The amendment provides an inmate the right to be free from cruel and unusual punishment. U.S. Const. amend. VIII. It requires that prison officials "must take reasonable measures to guarantee the safety of the inmates" and " protect prisoners from violence

at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (internal quotation marks omitted). However, "not all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998).

To state a claim, a plaintiff must satisfy both an objective and subjective component. *Caraway v. CoreCivic of Tenn., LLC*, 98 F.4th 679, 683 (6th Cir. 2024). Under the objective component, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). A prisoner must therefore show he "is incarcerated under conditions posing a substantial risk of serious harm." *Id.* The subjective component requires a prisoner to demonstrate that the official acted with the requisite intent; that is, that the official had a "sufficiently culpable state of mind." *Id.* Thus, "the plaintiff must show that 'an official knew of and disregarded an excessive risk to inmate health or safety.'" *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 591 (6th Cir. 2021) (quoting *Farmer* at 837) (cleaned up). For a failure-to-protect claim, a prison official will not be liable without a showing that the official "should have been aware of the reasonable likelihood of a potential attack and intervened earlier." *Carico v. Benton, Ireland, & Stovall*, 68 F. App'x 632, 639 (6th Cir. 2003).

The complaint's factual allegations are insufficient to maintain an Eighth Amendment failure-to-protect claim against Marshall. Dunlap alleges Jones should have been placed in segregation after he attacked Plaintiff's cellmate the day before. The complaint, however, does not allege any facts suggesting that Marshall was aware that Jones had attacked Dunlap's cellmate. The pleading alleges further that Marshall opened Jones's cell and "let him chase [Dunlap] down with a hunting knife." (D.E. 1 at PageID 4.) The complaint does not allege any facts suggesting

9

that Marshall "should have been aware of a reasonable likelihood" that Jones intended to attack and stab Dunlap and disregarded that risk. *See Carico*, 68 F. App'x at 639. At most, Dunlap has alleged negligence, which is insufficient to satisfy the subjective component of an Eighth Amendment claim. The individual-capacity Eighth Amendment failure-to-protect claim against Marshall is therefore DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

*AMENDMENT UNDER THE PLRA*

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under [Fed. R. Civ. P.] 15(a)[,] a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA"); *see also Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a sua sponte dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants Dunlap leave to amend under the guidelines set forth below.

*CONCLUSION*

For the reasons set forth above:

A.    The complaint is DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

B.    Leave to amend is GRANTED.  Amended claims must be filed within twenty-one days after the date of this order.  An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Plaintiff's claims.  An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings.  Plaintiff must sign the amended pleading, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the pleading.  All claims alleged in an amended complaint must arise from the facts alleged in the original complaint.  Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count.  If Dunlap fails to comply with Rule 8 and the Court's instructions for pleading amended claims, the Court will dismiss improperly pleaded amended claims with prejudice.

C.    If Plaintiff fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice and enter judgment.  The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

D.    If the inmate is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address.  If he fails to abide by these or

11

any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

IT IS SO ORDERED this 10th day of June 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

12