IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH D. DUNLAP, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-01080-JDB-tmp |
| | ) | |
| CORECIVIC, *et al.*, | ) | |
| Defendants. | ) | |

ORDER DIRECTING CLERK TO MODIFY DOCKET,
DISMISSING AMENDED COMPLAINT,
DENYING LEAVE TO AMEND,
DENYING MOTION TO APPOINT COUNSEL,
CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
NOTIFYING PLAINTIFF OF APPELLATE FILING FEE AND STRIKE
RECOMMENDATION,
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL,
AND
CLOSING CASE

On April 13, 2026, the Plaintiff, Joseph D. Dunlap, Tennessee Department of Correction prisoner number 446674, who is currently incarcerated at the Whiteville Correctional Facility ("WCFA") in Whiteville, Tennessee, filed a pro se civil complaint pursuant to 42 U.S.C. § 1983 (Docket Entry ("D.E.") 1) and a motion for leave to proceed in forma pauperis ("IFP") (D.E. 3). On April 15, 2026, the Court granted leave to proceed IFP and assessed the $350 filing fee in accordance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915, *et seq*. (D.E. 4.) The Court dismissed the complaint without prejudice and granted leave to amend in an order entered June 10, 2026. (D.E. 5.) The amended complaint was filed June 22, 2026, along with a motion to appoint counsel. (D.E. 6, 7.)

The amended pleading is before the Court for screening pursuant to the PLRA.  The Court construes the document to assert Eighth Amendment failure-to-protect claims, constitutional claims regarding an inadequate grievance procedure, and state law claims for negligence.  For the reasons explained below, the amended complaint is DISMISSED, further leave to amend is DENIED, and the motion to appoint counsel is DENIED.

I.      FACTUAL ALLEGATIONS

On December 31, 2025, Plaintiff's cellmate at the WCFA was stabbed by another inmate, identified as "Jones," during an "institutional lockdown."  (D.E. 6 at PageID 43.)  Due to the lockdown, Jones was not sent to segregation.

On January 1, 2026, Defendants Chief of Security Neil and Assistant Chief of Security Vandyke called Plaintiff out of his cell.  When that occurred, Jones persuaded Defendant Corrections Officer Marshall to open his cell door.  Jones then chased Dunlap "with a free world knife and stabbed [him] over 18 times in his head, face, arms, hands[,] and back."  (*Id.*)  Plaintiff's lung was punctured "and he almost died."  (*Id.*)

Dunlap was transported to Regional One Health in Memphis, Tennessee, by life flight.  As a result of the attack, he "suffers from nerve damage to his left arm as well as his right side of his face where he still has to go outside the prison to see a face specialist every 3 months."  (*Id.*)  Plaintiff filed a grievance about the incident, which was ignored by Defendants Grievance Chairperson A. Wilkes and board members Victoria Williams and L. Jackson.

The inmate has brought this action against CoreCivic and WCFA employees Warden Robert Adams, Jr.; Neil; Vandyke; Marshall; Wilkes; Williams; and Jackson[1] seeking $20 million in damages.

II.     SCREENING

A.      Legal Standard.

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the district court is to apply the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Under these standards, the district court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although the rule requires a complaint to

---

[1]The Clerk is DIRECTED to modify the docket to replace "Whiteville Correctional Warden" with Warden Robert Adams, Jr. The Clerk is further DIRECTED to modify the docket to reflect Williams' and Jackson's positions as members of the Grievance Board.

contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases afford more deference to pro se complaints than to those drafted by attorneys. *Williams*, 631 F.3d at 383 ("Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."). That said, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading").

B.    Requirements to State a Claim Under § 1983.

To state a claim, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused the constitutional harm while acting under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

III.    ANALYSIS

A.    Section 1983 Claims Against CoreCivic.

CoreCivic is a private company that manages the WCFA.[2]  "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr.*

---

[2]*See* https://www.tn.gov/correction/state-prisons/state-prison-list/whiteville-correctional facility (stating that the WCFA "is managed by CoreCivic, a private corrections management firm") (last accessed June 23, 2026).

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *See id.* at 749. CoreCivic "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978)). To prevail on a § 1983 claim against CoreCivic, Dunlap "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id.*

Here, Plaintiff alleges that prisons managed by CoreCivic have "a long history of prior bad acts and/or misconduct." (D.E. 6 at PageID 45.) As it did in its initial screening order, the Court construes this type of assertion to suggest that CoreCivic does not adequately train its employees. (*See* D.E. 5 at PageID 30.)

A prisoner may allege a municipal or company policy or custom by averring that the county or company's training policies failed to teach officers and staff adequately about how to avoid the unconstitutional failure to protect inmates. *See Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 600 (6th Cir. 2025); *see also Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (plaintiff may establish claim against political subdivision by showing policy of inadequate training). "[A] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Berry v. Delaware Cnty. Sheriff's Office*, 796 F. App'x 857, 861 (6th Cir. 2019) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). The failure to train must rise to the level of "deliberate indifference" to constitute a policy or custom actionable under § 1983. *See Connick*, 563 U.S. at 61 (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)). To properly allege a failure to train claim, a plaintiff must satisfy three elements: "(1) that [the] training was inadequate to prepare [officers] for the tasks that officers in his [or her]

5

position must perform; (2) that the inadequacy persisted due to the [company's] deliberate indifference; and (3) that the inadequacy is closely related to or actually caused the plaintiff's injury." *Harvey v. Campbell Cnty., Tenn.*, 453 F. App'x 557, 562 (6th Cir. 2011); *see also Winkler v. Madison Cnty.*, 893 F.3d 877, 902 (6th Cir. 2018) (same). Failure-to-train liability depends on the "substance of the training." *See Howell v. NaphCare, Inc.*, 67 F.4th 302, 320 (6th Cir. 2023), *cert. denied sub nom. Erwin v. Howell*, 145 S. Ct. 110 (2024).

Plaintiff's conclusory, barebones allegation that CoreCivic has a long history of misconduct and prior bad acts is insufficient to plead failure-to-train liability. *See Iqbal*, 556 U.S. at 679; *see also Grote v. Kenton Cnty., Ky.*, 85 F.4th 397, 415 (6th Cir. 2023) (denying relief against the county where the plaintiff did not explain how the officers' training was deficient or how such training would have made the possibility of a constitutional violation obvious), *reh'g en banc denied*, 2023 WL 8687002 (6th Cir. Dec. 6, 2023). Dunlap again alleges no facts about CoreCivic's training of employees, much less facts showing that such training wa inadequate. Therefore, his claims against CoreCivic are DISMISSED WITH PREJUDICE for failure to allege facts stating a claim to relief.

B.      Section 1983 Claims Against the Individual Defendants.[3]

1.      Official Capacity Claims.

As was the case in his initial pleading, Plaintiff's amended complaint is silent about whether he sues the Individual Defendants in their individual or official capacities. It is preferable that a plaintiff state explicitly whether a defendant is sued in his or her "individual capacity," but the failure to do so is not fatal if the "course of proceedings" test demonstrates that the defendant

---

[3]The Court uses the term "Individual Defendants" when collectively referring to Adams, Van Dyke, Neil, Marshall, Wilkes, Williams, and Jackson.

received sufficient notice that the intent was to hold the defendant personally liable.  *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001).  The Sixth Circuit has applied the "course of proceedings" test to determine whether § 1983 defendants have received notice of a plaintiff's intent to hold a defendant personally liable.  *See id.* at 773; *see also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (noting that the "course of proceedings" in unspecified capacity cases "typically will indicate the nature of the liability sought to be imposed"); *Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *3 (6th Cir. Apr. 1, 2024).  The "course of proceedings" test considers the nature of the plaintiff's claims, requests for compensatory or punitive damages, the nature of any defenses raised in response to the complaint, and whether subsequent filings put the defendant on notice of the capacity in which he or she is sued.  *Moore*, 272 F.3d at 772 n.1.  Dunlap refers to the Individual Defendants by their official titles and appears to seek relief based on their failure to perform tasks within the scope of their official capacities as employees at WCFA. However, he seeks $20 million in punitive and compensatory damages.  Based on its consideration of the factors, the Court construes the amended complaint to assert both official and individual capacity claims.

The official capacity claims are treated as claims against the Individual Defendants' employer.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Here, that employer is CoreCivic.  As explained above, CoreCivic "cannot be held liable under a theory of respondeat superior."  *Braswell*, 419 F. App'x at 627.  Because the inmate fails to allege that a CoreCivic policy or custom was the "moving" force behind the alleged violations of his rights, his official-capacity claims against the Individual Defendants are DISMISSED WITH PREJUDICE for failure to state a claim for relief.

2.      Individual Capacity Claims.

a.      Wilkes, Williams, and Jackson.

Plaintiff alleges that these Defendants ignored his grievance regarding Jones' attack.  The Court construes this allegation as presenting constitutional claims regarding an inadequate prison grievance procedure.  However, a prisoner has "no inherent constitutional right to an effective prison grievance procedure."  *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983).  Thus, claims related to violations of prison policies concerning grievances do not state a constitutional violation.  *See Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017).  Accordingly, Plaintiff's claims against Wilkes, Williams, and Jackson based on an inadequate prison grievance procedure are DISMISSED WITH PREJUDICE for failure to state a claim as a matter of law.

b.      Adams, Neil, and Vandyke.

Liability under § 1983 in a defendant's individual capacity must be predicated upon some showing of direct, active participation in the alleged misconduct.  *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  As previously noted, § 1983 will not support a claim based upon a theory of respondeat superior.  *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy*, 729 F.2d at 421.  A plaintiff must allege, therefore, that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant.  *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005).  A failure to supervise, control, or train an individual is not actionable "unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it."  *Shehee v. Luttrell*, 199 F.3d 295, 300

8

(6th Cir. 1999) (internal quotation marks omitted).  "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."  *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).

Dunlap alleges that Warden Adams is "responsible for every inmate and employee" and for "examin[ing] . . . the affairs of the institution daily to assure that proper standards are maintained[,] and is charged with the duty of treating the inmates with humanity and kindness and protecting them from harsh and cruel treatment."  (D.E. 6 at PageID 43.)  He alleges further that Neil and Vandyke "should have used reasonable and ordinary care and made sure it was safe for [him] to come out of his cell upon their command."  (*Id.* at PageID 44.)

Although he vaguely alleges that "all the inmates in the pod let[] staff know there was an issue in the pod," (*id.* at PageID 43-44), Dunlap does not aver any facts from which the Court could infer that Adams, Neil, and Vandyke were personally aware of it.  The amended pleading, like the initial complaint, still fails to contain facts suggesting any personal involvement by these Defendants.  Further, the inmate again fails to allege facts suggesting that they "authorized, approved, or knowingly acquiesced" in any unconstitutional conduct.  *See Hays*, 668 F.2d at 874, *supra*.  For these reasons, the individual capacity claims against Adams, Neil, and Vandyke are DISMISSED WITH PREJUDICE for failure to state a claim to relief.

c.      Marshall.

The Court has construed Plaintiff's pleadings to assert an Eighth Amendment failure-to-protect claim against Marshall.  The amendment provides an inmate the right to be free from cruel and unusual punishment.  U.S. Const. amend. VIII.  Prison officials "must take reasonable measures to guarantee the safety of the inmates" and "protect prisoners from violence at the hands of other prisoners."  *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (quoting *Hudson v. Palmer*,

468 U.S. 517, 526-27 (1984); *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)).  However, "not all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment."  *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998).

To state a claim, a plaintiff must satisfy both an objective and subjective component.  *See Farmer*, 511 U.S. at 834.  Under the objective component, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'"  *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  A prisoner must therefore show he "is incarcerated under conditions posing a substantial risk of serious harm."  *Id.*  The subjective component requires a prisoner to demonstrate that the official acted with the requisite intent; that is, that the official had a "sufficiently culpable state of mind."  *Id.*  That is, "the prison official must know[] of and disregard[] an excessive risk to inmate health or safety."  *Id.* at 837-38.  For a failure-to-protect claim, a prison official will not be liable without a showing that the official "should have been aware of the reasonable likelihood of a potential attack and intervened earlier."  *Carico v. Benton, Ireland, & Stovall*, 68 F. App'x 632, 639 (6th Cir. 2003).

Plaintiff's factual allegations are still insufficient to maintain an Eighth Amendment failure-to-protect claim against Marshall.  Dunlap alleges Jones was not placed in segregation after he attacked his cellmate the day before.  He does not, however, aver any facts suggesting that Marshall was aware of the previous incident.  The prisoner further avers that Jones "persuaded CO Marshall to open his door" and "chased [Dunlap] down with a free world knife." (D.E. 6 at PageID 43.)  But he fails to allege any facts suggesting that Marshall "should have been aware of a reasonable likelihood" that Jones intended to attack and stab him and disregarded that risk.  *See Carico*, 68 F. App'x at 639, *supra*.  At most, the amended complaint has alleged negligence, which

10

is insufficient to satisfy the subjective component. *See Pearson v. Michigan Dep't of Corr.*, 170 F.4th 1027, 1037 (6th Cir. 2026), *reh'g en banc denied*, 2026 WL 1642351 (6th Cir. May 27, 2026). Plaintiff's individual capacity Eighth Amendment failure-to-protect claim against Marshall is therefore DISMISSED WITH PREJUDICE for failure to state a claim to relief.

C.      State Law Negligence Claims.

Dunlap alleges that the Defendants "were negligent and they failed to exercise ordinary and reasonable care" and protect him from harm. (D.E. 6 at PageID 44.) The Court has construed the amended complaint to assert claims of negligence under Tennessee state law.

Under 28 U.S.C. § 1367(a), "[i]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012) (quoting *Campanella v. Com. Exch. Bank*, 137 F.3d 885, 892 (6th Cir. 1998)). Section 1367 grants district courts broad discretion about whether to exercise supplemental jurisdiction over related state law claims. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010). Courts should "weigh several factors, including the values of judicial economy, convenience, fairness, and comity." *Id*. at 951-52 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)) (internal quotation marks omitted).

The Court has dismissed Dunlap's federal claims, and it is not in the interest of judicial economy or comity for the Court to hear those brought pursuant to state law. Accordingly, the Court DECLINES to exercise supplemental jurisdiction over Plaintiff's claims for negligence arising under Tennessee state law and they are hereby DISMISSED WITHOUT PREJUDICE.

## IV.   AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA.  *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) [of the Federal Rules of Civil Procedure] a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA"); *see also Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded").  Leave to amend is not required where a deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that . . . amending the complaint would be futile, then a sua sponte dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court has already provided Dunlap an opportunity to amend and further amendment would be futile.  Accordingly, leave to amend again is DENIED.

## V.   CONCLUSION

For the reasons set forth above:

A.   Dunlap's federal constitutional claims brought under § 1983 are DISMISSED WITH PREJUDICE for failure to state a claim to relief.

12

B.      The Court DECLINES to exercise supplemental jurisdiction over any claims arising under state law.  The amended complaint's state law claims for negligence are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c)(3).

C.      The amended complaint is DISMISSED in its entirety.

D.      Further leave to amend is DENIED.

E.      Because the Court has dismissed the amended complaint in its entirety, the motion to appoint counsel is also DENIED.

F.      The Court recommends that this dismissal be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

G.      In accordance with Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court CERTIFIES that any appeal in this matter would not be taken in good faith. If Plaintiff nevertheless chooses to file a notice of appeal, he must either:  (1) pay the entire $605 appellate fee or, if he is confined at that time, (2) submit a new IFP affidavit and a current, certified copy of his inmate trust account statement for the last six months in compliance with 28 U.S.C. § 1915(a)-(b).  The Court DENIES leave to proceed IFP on appeal.

H.      The Clerk is DIRECTED to enter judgment.

IT IS SO ORDERED this 25th day of June 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE
